**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HOT SPRINGS DIVISION**

**DANE WRIGHT**                                                                                                              **PLAINTIFF**

**VS**                                                     **NO. 6:21-CV-6161-RTD**

**TEXAS ROADHOUSE HOLDINGS, LLC**                                                **DEFENDANT**

## ANSWER

Comes now Defendant, Texas Roadhouse Holdings, LLC, and for its Answer states:

1. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and therefore denies.

2. The allegations contained in Paragraph 2 of the Complaint are denied except that the agent of service information is admitted. Defendant affirmatively states that it is a foreign LLC.

3. The allegations contained in Paragraph 3 of the Complaint are denied.

4. The allegations contained in Paragraph 4 of the Complaint are denied with respect to state court and Defendant affirmatively states that this case is removable to the federal courts under the diversity jurisdiction statute.

5. The allegations contained in Paragraph 5 of the Complaint are denied with respect to state court and Defendant affirmatively states that this case is removable to the federal courts under the diversity jurisdiction statute.

6. The allegations contained in Paragraph 6 of the Complaint are denied.

7. The allegations contained in Paragraph 7 of the Complaint are admitted.

8. The allegations contained in Paragraph 8 of the Complaint are denied as this is a legal conclusion that does not require a response.

9. The allegations contained in Paragraph 9 of the Complaint are admitted.

10. The allegations contained in Paragraph 10 of the Complaint are admitted.

11. The allegations contained in Paragraph 11 of the Complaint are denied.

12. This Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and therefore denies.

13. The allegations contained in Paragraph 13 of the Complaint are denied.

14. This Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and therefore denies.

15. The allegations contained in Paragraph 15 of the Complaint are denied.

16. The allegations contained in Paragraph 16 of the Complaint are denied.

17. The allegations contained in Paragraph 17 of the Complaint are denied.

18. The allegations contained in Paragraph 18 of the Complaint are denied.

19. The allegations contained in Paragraph 19 of the Complaint are denied.

20. The allegations contained in Paragraph 20 state a legal conclusion, not facts, and do not require a response.  To the extent a response is required, denied and denied that any duty was violated.

21. The allegations contained in Paragraph 21 of the Complaint are denied.

22. The allegations contained in Paragraph 22 of the Complaint are denied.

23. The allegations contained in Paragraph 23 of the Complaint are denied.

24. The allegations contained in Paragraph 24 of the Complaint are denied, including all sub-parts.

25. The allegations contained in Paragraph 25 of the Complaint are denied.

26. Defendant demands a jury trial.

27. The allegations contained in Paragraph 27 of the Complaint are denied.

28. All allegations of the Complaint not specifically admitted herein are denied.

29. Any injuries or damages of the Plaintiff were proximately caused by his own fault and/or were caused by the fault of others for whom this Defendant is not legally responsible, including the that of the fault of Troy L. Dawson.

30. Defendant denies jurisdiction is proper and states jurisdiction for this matter rests in a federal court based on diversity jurisdiction. Therefore, Defendant has removed this case to federal court.

31. Defendant affirmatively states the venue is improper. *See* Ark. R. Civ. P. 12(b)(3).

32. Defendant affirmatively states Plaintiff's Complaint should be dismissed for insufficiency of process. *See* Ark. R. Civ. P. 12(b)(4).

33. Defendant affirmatively states Plaintiff's Complaint should be dismissed for insufficiency of process. *See* Ark. R. Civ. P. 12(b)(5).

34. Defendant affirmatively states Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted. *See* Ark. R. Civ. P. 12(b)(6).

35. Defendant affirmatively states that it did not sell or furnish an alcoholic beverage to Troy L. Dawson while Defendant knew or should have reasonably known Troy L. Dawson was clearly intoxicated.

36. Defendant affirmatively states it had a reasonable belief that Toy L. Dawson was not clearly intoxicated.

37. Alternatively, even assuming, without conceding, Troy L. Dawson was in an impaired state, Defendant affirmatively states that it had a reasonable belief Troy L. Dawson would not be operating a motor vehicle.

38. Defendant affirmatively states that Plaintiff's claims arising from the alleged sale or furnishing of alcohol to Troy L. Dawson fail because his alleged injuries did not occur while Troy L. Dawson was operating a motor vehicle.

39. Defendant affirmatively states that, even assuming, without conceding, Troy L. Dawson physically attacked Plaintiff, the conduct of Troy L. Dawson was a criminal act committed by a third party which is not foreseeable by Defendant as a matter of law. *See* Ark. Code Ann. § 18-11-108(a). Thus, Defendant cannot be held liable "for the unforeseeable acts of [Troy L. Dawson] committed" on its property. *See* Ark. Code Ann. § 18-11-108(b).

40. Defendant affirmatively states that if the Plaintiff releases one or more joint tortfeasors, Defendant is entitled to reduce any damages awarded to Plaintiff by the amount stated in Ark. Code Ann. § 16-61-204(c). Defendant affirmatively states that, pursuant to Ark. Code Ann. § 16-61-204(d) and Arkansas Rules of Civil Procedure 49(c) and 52, it is entitled to have the jury determine the fault of all joint tortfeasors, including those who may be released following a settlement, in order to determine the released tortfeasor's pro-rata share of responsibility for the Plaintiff's damages. Defendant demands allocation and apportionment of the relative degrees of fault of all parties who

are appropriately at fault under the Arkansas Comparative Fault Statutes, including Ark. Code. Ann. § 16-64-122, the Civil Justice Reform Act of 2003, as codified at Ark. Code. Ann. § 16-61-201 *et. seq.* and an allocation of fault of all parties and relevant *non-parties* in accordance with Ark. Code. Ann. § 16-61-201 *et. seq.*, the Arkansas Uniform Contribution Among Tortfeasors Act (UCATA), and all applicable statutes and case law.

41. Pursuant to Arkansas Rule of Civil Procedure 9(h), Defendant affirmatively provides notice that that it will seek to place Troy L. Dawson on the verdict form as a non-party so that the jury can properly allocate fault in accordance with the Arkansas Comparative Fault Statutes, including Ark. Code. Ann. § 16-64-122, the Civil Justice Reform Act of 2003, as codified at Ark. Code. Ann. § 16-61-201 *et. seq.* and an allocation of fault of all parties and relevant *non-parties* in accordance with Ark. Code. Ann. § 16-61-201 *et. seq.*, the Arkansas Uniform Contribution Among Tortfeasors Act (UCATA), and all applicable statutes and case law. His address is currently unknown, but the facts as alleged in the Complaint show that Dawson acted criminally and his fault should be determined by the jury.

42. Any claim for punitive damages is unconstitutional and should be dismissed for each of the following reasons:

    a. There is no definitive standard for setting the amount of punitive damages and, therefore, an award of punitive damages without requiring Plaintiff to prove every element

        beyond a reasonable doubt or, in the alternative, by clear and convincing evidence, violates Defendants' due process rights under the United States Constitution, including the Fourteenth Amendment thereto.

b.   An award of punitive damages violates Defendants' due process and equal protection rights guaranteed by the United States Constitution, including the Fourteenth Amendment thereto, and the double jeopardy clause of the United States Constitution, as incorporated into the Fourteenth Amendment, in that a jury (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive damages award; (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrents and punishment; (3) is not expressly prohibited from awarding punitive damages in whole or in part, on the basis of insidiously discriminatory characteristics, including the corporate status of a Defendant; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not subject to judicial review on the basis

    of objective standards; and (6) is not required to consider the character and degree of the alleged wrong.

  c. An award of punitive damages under a process which fails to bifurcate the issue of punitive damages from the remaining issues violates Defendants' due process rights guaranteed by the United States Constitution, including the Fourteenth Amendment thereto.

  43. Defendant reserves the right to file amended, substituted, and supplementary pleadings pending the completion of discovery. Defendant reserves the right to plead further and reserves objections on the basis of improper venue, failure to join a party under Rule 19, if any, and the affirmative defenses available under Rule 8, including, but not limited to, discharge in bankruptcy, estoppel, fraud, release, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense.

  WHEREFORE, Defendant requests that the Court dismiss Plaintiff's Complaint against them with prejudice, for its attorneys' fees, costs, and all other relief to which it may be entitled.

Respectfully submitted,

Jamie Huffman Jones, #2003125
Kyle D. Kennedy, #2017104
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Ave., Suite 2000
Little Rock, Arkansas  72201
(501) 376-2011 – phone
(501) 376-2147 – fax
jjones@fridayfirm.com
kkennedy@fridayfirm.com