IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**DANE WRIGHT**                                                                         **PLAINTIFF**

**VS**                               **NO. 6:21-CV-6161-RTD**

**TEXAS ROADHOUSE HOLDINGS, LLC**                         **DEFENDANT**

### JOINT RULE 26(f) REPORT

Defendant, Texas Roadhouse Holdings, LLC, submits the following Rule 26(f) Report:

As a preliminary matter, Defendant attempted to confer with Plaintiff about the below matters. In response, Plaintiff stated he intends to request a voluntary dismissal of this case. With no such motion having been filed as of today, Defendant submits this report separately:

1. Any changes in timing, form, or requirements of mandatory disclosures under Federal Rule of Civil Procedure 26(a).

   **None.**

2. Date when mandatory disclosures were or will be made.

   **Defendant proposes exchanging mandatory disclosures by February 18, 2022. As discussed below, Defendant anticipates needing more time to conduct discovery than allowed with the current trial date. Under the current deadline, discovery, at the latest, much end by April 18, 2022. As for information required by Rule 26(a)(2), Defendant does not believe the parties have sufficient time to determine whether experts are needed,**

**provide necessary facts and evidence to any expert, and obtain proper expert disclosures and reports within 3 months.** If the Court will allow a later trial date, Defendant tentatively proposes that for information required by Rule 26(a)(2), Plaintiff will produce expert disclosure and report on or before June 20, 2022, and Defendant will produce expert disclosure and report on or before July 20, 2022.

3. Subjects on which discovery may be needed.

**All aspects of the pleadings, allegations, denials, defenses, and damages.**

4. Whether any party will likely be requested to disclose or produce information from electronic or computer-based media.

**Defendant anticipates seeking discovery of electronically stored information ("ESI") reasonably available to the parties in the ordinary course of business.**

If so, whether:

a. Disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business;

**Defendant does not currently anticipate that the production of ESI will extend beyond what is reasonably available to the parties in the ordinary course of business.**

b. The anticipated scope, cost, and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business;

**Defendant does not currently anticipate that the production of ESI will extend beyond what is reasonably available to the parties in the ordinary course of business.**

c. The format and media agreed to by the parties for the production of such data as well as agreed procedures for such production;

**Defendants proposes that any ESI will be produce in hard copy or electronically, at the option of the party supplying such data.**

d. Reasonable measures have been taken to preserve potentially discoverable data alteration or destruction in the ordinary course of business or otherwise.

**Defendant's counsel has instructed its client to preserve all potentially responsive information.**

e. Other problems which the parties anticipate may arise in connection with electronic or computer-based discovery.

**Defendant does not currently anticipate any such issues.**

5. Date by which discovery should be completed.

**With the current trial setting, 120 days before trial would be April 18, 2022. No discovery has been conducted to date, and Defendant does not believe the parties can adequately conduct discovery into the claims, defenses, and potential witnesses (including determining whether experts are necessary) within 3 months. This is especially true with increasing covid numbers in Arkansas. As a result, Defendant proposes a trial date in late 2022 or early 2023, to allow more time to prepare this case for trial.**

6. Any needed changes in limitations imposed by the Federal Rules of Civil Procedure.

**None at this time.**

7. Any orders, e.g., protective orders, which should be entered.

**Defendant does not anticipate the need for any orders at this time.**

8. Any objections to initial disclosures on the ground that mandatory disclosures are not appropriate under the circumstances of this action.

**None at this time.**

9. Any objections to proposed trial date.

**For the reasons stated above, Defendant does not believe this case can be adequately prepared for trial with the current trial date of August 15, 2022. Therefore, Defendant respectfully asks that the Court set this matter for trial in late 2022 or early 2023.**

10. Proposed deadline for joining other parties and amending the pleadings.

**180 days before trial.**

11. Proposed deadline for completing discovery.

**120 days before trial.**

12. Proposed deadline for filing motions other than motions for class certification.

**Deadline for summary judgment motions: 30 days after the close of discovery. Deadline for all motions except motions in limine: 60 days before trial. Deadline for motions in limine: 14 days before trial.**

        Respectfully submitted,

        Jamie Huffman Jones, #2003125
        Kyle D. Kennedy, #2017104
        FRIDAY, ELDREDGE & CLARK, LLP
        400 West Capitol Ave., Suite 2000
        Little Rock, Arkansas  72201
        (501) 376-2011 – phone
        (501) 376-2147 – fax
        jjones@fridayfirm.com
        kkennedy@fridayfirm.com

        *Attorneys for Defendant*